Guy Arnold TUCK, Appellee,

v.

Belvie Lee PRICE, t/a Price Moving Van,
and James Paul Coleman, Appellants.

No. 10307.

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1966.

Decided May 2, 1966.

Franklin T. Dupree, Jr., Raleigh, N. C.
(Frank Patton Cooke, Gastonia, N. C.,
and Dupree, Weaver, Horton, Cockman &
Alvis, Raleigh, N. C., on brief), for appellants.

James R. Nance, Fayetteville, N. C.,
and Bernard A. Harrell, Raleigh, N. C.
(Nance, Barrington, Collier & Singleton,
Fayetteville, N. C., on brief), for appellee.

Before SOBELOFF, BRYAN and J.
SPENCER BELL, Circuit Judges.

PER CURIAM:

This action for damages, brought under the diversity jurisdiction, arose from a "sideswiping" automobile accident on a country highway in North Carolina, in which the plaintiff lost his left arm. Plaintiff claimed that while he was negotiating a right hand curve in the road, defendants' truck approached from the opposite direction and suddenly "dipped over" onto plaintiff's side of the road, the truck's left front fender shearing down the whole left side of plaintiff's car.

Defendants' version was that plaintiff blew a tire and was swerving back and forth across the center line for some distance before the two vehicles met; and that at the time of impact plaintiff was on the defendants' side of the road. The case was tried without a jury before Judge Gordon in the Middle District of North Carolina. Testimony in the trial, which extended over four days, was in sharp conflict in many respects. The District Court made detailed findings of fact and conclusions of law, finding primary negligence by the truck driver, and no contributory negligence. He gave judgment for the plaintiff for $33,000.

On the record before him, the District Court could reasonably have found for either party, and this is therefore a classic case for the application of rule 52(a). The trial judge was in a position to evaluate all the evidence in context, to weigh the credibility and reliability of the witnesses, and to interpret the physical facts. His treatment of the problem was careful and logical and the result well supported.

Affirmed.